### JACK SMITH v. THE STATE.

1. The criminal pleader can follow no safer rule than to set forth the offense in the language of the statute.

2. An indictment under article 2410, Paschal's Digest, for stealing neat cattle, or under the act of 1866, punishing as theft the removal of live stock from accustomed range without the owner's consent, need not aver the intent " to appropriate it to the use or benefit " of the accused.

APPEAL from Karnes. Tried below before the Hon. D. D. Claiborne.

The appellant was indicted and convicted of driving from their accustomed range a mare and colt, not his own, without the owner's consent, and with intent to defraud the owner. The jury awarded him two years service in the penitentiary.

*James B. Morris* and *Chandler & Carleton,* for the appellant.—The appellant was indicted at the Fall term, 1870, of the District Court for Karnes county, for driving from their accustomed range a mare and colt, under the following amendment to the Penal Code, made by an act of the eighth Legislature : "Article 766a—If any person shall willfully take into possession, and drive, use, or remove from its accustomed range, any live stock, not his own, without the consent of the owner, and with the intent to defraud the owner thereof, he shall be deemed guilty of theft, and, on conviction thereof, shall be confined in the penitentiary not to exceed two years, or fined in a sum not to exceed one thousand dollars, or by both fine and imprisonment, at the discretion of the court and jury trying the case." (See General Laws of 1866, 187.)

On the eleventh of March, 1871, the appellant was tried, and the jury brought in a verdict of guilty and assessed his punishment at two years confinement in the penitentiary. On the thir-

teenth of March, 1871, appellant filed a motion in arrest of judgment, which motion was overruled on the same day, and this appeal taken.

We insist that the court erred in overruling said motion, because the indictment is palpably defective, when tested by law and the decisions of this court.

The Legislature, when enacting the above copied article, declares it to be an amendment of the Penal Code, and points out in what part of the code it shall be inserted. It thus became a part and parcel of the Penal Code, as much so as if it had originally been enacted as an article of said code. The first rule of construction in regard to statutes is, that in construing any part of a law, the whole must be considered, and, if possible, such a construction is to be made as will avoid any contradiction or inconsistency. (See Sedgwick on Stat. and Const. Law, 237.)

The act puts the above article by number immediately after article 766 of the Penal Code, which article and the one immediately preceding it are headed "Theft of Animals." (See Paschal's Digest, articles 2409, 2410.)

This court held, in the case of Garcia v. The State, 26 Texas, 211, that the word theft, as used in article 2409, must be defined by article 2381, Paschal's Digest, which reads thus: "Theft is the fraudulent taking of corporeal personal property belonging to another, from his possession, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking."

Now, we insist that the word theft, when used in the amendment above copied, must be defined by said article 2381, and that an indictment drawn under said amendment is fatally defective, unless the words " with intent to deprive the owner of the value of the same, and to appropriate it to the use and benefit of" him, the said Jack Smith, are inserted. (See Garcia v. The State,

above cited.)    Our reasons for assuming this position are in brief the following : It is evident, from the act of 1866 itself, that the Legislature did not intend, by said act, to repeal the said article 2381, and it is not necessary to hold that it did repeal said article, in order to give validity to said amendment, hence the said amendment and article must be .construed in harmony with each other, if it be possible, for they apply to the same character of offenses.    This can be done legitimately and easily, just as article 2409 was construed harmoniously in connection with article 2381, by this court, in the above cited case of Garcia v. the State, by making the amendment declare that to drive live stock out of the range is theft, but that the offense must be alleged and proven under the general definition of theft, as given in article 2381.    This construction is necessary by the rules of legal construction, otherwise we will have in the Penal Code two conflicting definitions of theft of animals, and no court will construe a statute, especially a penal one, loosely, and bring about multifariousness in penalties and practice, when a different one can be made which is legitimate, harmonious and faultless.    (See Sedgwick on Stat. and Con. Law, 326, *et seq.*)    This amendment says that to drive an animal out of its range is theft, and in its specifications, one of the essential attributes of theft as defined by the Penal Code is left out.

This definition of theft is based upon the well established definition given by the elementary writers.    This attribute is that there must be a conversion and application of the property taken. Unless this attribute is alleged and proven, there can be no legal theft established; and hence, in order to declare the indictment in the present case sufficient, article 2381 must be held to have been repealed, and the elementary writers overruled by this amendment.    This is not at all necessary from any point of view.    The offense is sufficiently declared in the amendment, but it must be alleged and proven under article 2381.    This is not only a legiti-

mate construction, but it is the only legitimate construction which
will give the amendment any validity. Certainly, it is not
expected by the State that this court will announce, under the
law as it now exists, that there can be legal theft without a con-
version of property. Unfortunately, this law is not the only one
enacted by the Legislature of 1866, in which their zeal and haste
to fix crimes upon a certain class of individuals have made them
seemingly forget all previous laws, rules of construction, and
the very elementary principles of all law. But in this in-
tance they forgot to repeal article 2381, or to add that " this
definition of theft shall be the only one recognized by the courts
of Texas, elementary writers on crimes and criminal procedure to
the contrary, nevertheless." Hence the failure, and the necessity
of invoking the rules of legal construction, in order to give the
amendment any validity whatever.

*Wm. Alexander*, Attorney General, for the State.—The ob-
jection is founded in the fact, that the general definition of theft,
as found in article 2381, Paschal's Digest, makes the intent to
appropriate, a part of that definition; and that the statute of 1866,
(see Legislative acts, 1866, 187, article 766*a*), does not include
it, and therefore an indictment which pursues the language of the
latter statute, is defective because it does not, also, pursue the lan-
guage of the former.

By the fifth article of the Criminal Code, (Paschal's Digest,
article 1607), it is declared that " in the construction of this code,
each general provision shall be controlled by a special provision of
the same subject, if there be a conflict."

Applying this rule to the question before the court, this result
is reached; that theft in general is constituted of several ele-
ments, one of which is the intent to appropriate the stolen property
to the use or benefit of the taker; but the particular species of
theft, which consists in driving cattle from their accustomed

range, does not require this intent as one of its elements; and that the offense is complete if the intent be to defraud the owner thereof.

To hold otherwise would be to decide that the criminal law .of Texas is like the law of the Medes and Persians, incapable of change; that a statute once enacted becomes a *quasi* Constitution, over which the Legislature have no further control, to enlarge, to modify or to exempt from its provisions. It is believed that this court is hardly prepared to take this position.

WALKER, J.—This was an indictment under article 2410, Paschal's Digest, and is a part of the act of 1866, which introduced some confusion into the Criminal Code. The offense punishable under this article is called theft, and yet it is wanting in one of the ingredients made necessary to constitute the crime of theft by article 2381.

The indictment in this case would not be good under article 2381, but it is good under article 2410.

It is, perhaps, unfortunate that the Legislature did not use the same language in defining the offense under both the statutes; but we are not prepared to say that because of this omission in the latter act, to-wit, of the words "and to appropriate to the use or benefit of the person taking," an offense accompanied with all the ingredients required by article 2410 is not well described in an indictment which follows the language of the statute. Indeed there can be no safer rule for the pleader to follow, than that he should set forth the offense in the language of the statute.

The judgment of the district court is affirmed.

                                        Affirmed.