## W. J. WARDER v. THE STATE.

*No. 7261.   Decided May 30.*

1.   **Division Fence, Removal of.**—It is an offense for any person who jointly owns any separating or dividing fence, or who is in any manner interested in any offense attached to or connected with any fence owned or controlled by any other person, to remove the same except by mutual consent or after notice in writing to the other owner or owners, their agents, attorneys, or lessees, of his intention to separate or withdraw his fence, or a part thereof, which notice must be given at least six months prior to such intended separation or withdrawal.

2.   **Same.**—To constitute this offense the party removing the fence must do so without the consent of the other joint owner or owners, and without giving the required written notice of his intention to remove it.   It devolves upon the prosecution to prove that he removed the fence without the consent of the other owner or owners, and removed it without having given the required notice.

3.   **Complaint and Information.**—A complaint or information for this offense, to be sufficient, must allege that the accused removed the fence without the consent of the other owner or owners, and also that he removed it without having given the notice required by the statute.   Every ingredient of a statutory offense necessary to be proved must be alleged, and the statutory definition must be followed at least substantially.

APPEAL from the County Court of Nolan.   Tried below before Hon. J. Q. Hanna, County Judge.

The complaint alleged as follows:   That "W. J. Warder did unlawfully and willfully take down and separate a certain fence in which said Warder was the part owner from the fence owned exclusively by R. B. Martin, without giving said R. B. Martin the written notice to said Martin, his agent, or attorney, of the intention of said W. J. Warder to remove and separate said fence, as required by law," proceeding then to describe the location of the fence.

The information alleged that said Warder "did unlawfully and willfully take down and separate a certain fence, in which said W. J. Warder was the part owner or controller, from the fence owned exclu-

sively by R. B. Martin, without giving said R. B. Martin, his agent, or attorney, notice of the intention of said W. J. Warder to remove and separate said fence as required by law," proceeding then to describe the location of said fence.

A trial by jury resulted in conviction, the punishment assessed being a fine of $2.

Defendant moved in arrest of judgment upon the ground that the complaint and information did not charge any offense against the penal law of the State, which motion was overruled.

*H. L. Bentley* and *Ragland & Beall*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE—The Twenty-first Legislature by an act passed approved April 6, 1889, denounced a penalty against any person who jointly owns "any separating or dividing fence, or who is in any manner interested in any fence attached to or connected with any fence owned or controlled by any other person, to remove the same except by mutual consent or as hereinafter provided." Acts of 1889, pp. 45, 46. It is also provided that "any person who is the owner or part owner of any fences connected with or adjoined to any fences owned in part or in whole by any other person, shall have the right to withdraw or separate his fence or part of fence from the fence of any other person or persons in this State; that such person who desires to withdraw or separate such fence from the fence of any other person shall give notice in writing to such person, his agent, or attorney, or lessee, of his intention to separate or withdraw his fence or part thereof for at least six months prior to the time of such intended withdrawal or separation." Same authority.

If the party removing or separating the joint fence should have obtained the consent of the other joint owner or owners before removing the said fence, or removed it with the consent of the other joint owner, he would not be guilty of the offense denounced in this statute. If he has not obtained the consent of the owner or joint owner to such removal, then it is incumbent on him to give the statutory notice of his intention to remove such fence before he would be authorized to remove it. If he has not given the notice to nor obtained the consent of the owner or joint owner of the fence he can not remove or separate the fence.

Where the State seeks a conviction under the above cited statute it is incumbent upon the prosecution to prove the want of consent of the owner or joint owner to the removal of the fence, as well as the failure of the party prosecuted to give the statutory notice before such removal

of the fence.    Without this proof the State must fail of the desired conviction.

If it be necessary to make this proof in order to secure a conviction, then it becomes a condition precedent to the conviction that the want of consent and failure to give notice must be alleged in the indictment, information, or complaint charging the offense.    Every ingredient of a statutory offense necessary to be proved by the State must be alleged in the indictment or information.

In charging the offense the statutory definition must be followed at least substantially.    Willson's Crim. Stats., sec. 1955.    In this case this has not been done.    Appellant was tried and convicted under the above quoted statutes.    The complaint and information are both defective, and when taken together do not state the offense denounced by said act of the Legislature.    The Assistant Attorney-General has confessed this error, and in doing so has tersely and concisely stated the fatal defects in the complaint and information, and we here quote it:    "The complaint and information state no offense—the complaint, in that it does not allege that the removing was without the consent of the joint owner; the information, in that it neither alleges the want of consent nor want of notice.    It is the want of consent and the failure to give notice that is the gravamen of the action.    In the absence of an allegation charging such want of consent and such failure to give notice the information charges no offense."

For the errors noticed, and because the information and complaint neither charge an offense against the law, the judgment is reversed and this prosecution is dismissed.

*Reversed and dismissed.*

Judges all present and concurring.