### T. A. MARTIN v. THE STATE.

*No. 7743. Decided May 11.*

1. **Violation of Local Option Law—Information.**—An information charging a violation of the local option law is not sufficient which simply charges a sale of liquor in contravention of law. To be sufficient, it should allege the particular offense, with such circumstances as will identify it, and so specifically as to enable the accused to plead a judgment of conviction or acquittal thereunder in bar of another prosecution for the same offense. It should allege the name of the person to whom the liquor was sold, or if the name of such person is unknown, that fact should be averred.

2. **Case Reaffirmed.**—Dixon v. The State, 21 Texas Court of Appeals, 517.

APPEAL from the County Court of Hays. Tried below before Hon. B. G. NEIGHBORS, County Judge.

Appellant was tried upon an information charging him with a violation of the local option law in justice precinct No. 1, Hays County, Texas.

He was convicted, and his punishment assessed at a fine of $25 and imprisonment in the county jail for twenty days.

*Hutchison & Franklin* filed a printed brief for appellant, in which, among other propositions, they submitted the following:

The court erred in overruling defendant's motion to arrest the judgment herein, in this: The evidence fails to establish that the sale of liquor was legally prohibited in justice precinct No. 1, at the time defendant was shown to have sold liquor, as charged in the information; and the information herein does not charge the defendant with any offense, in this, it is nowhere alleged in said information to whom the said liquor was sold. Dixon v. The State, 21 Texas Ct. App., 517.

*R. H. Harrison,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—By information the appellant was charged with violating the local option law. The sufficiency of the information is called in question, because the name of the party to whom the liquor was sold was not averred. A general allegation that the accused sold liquor in contravention of law is too general in its terms to charge this offense. The particular offense, with such circumstances as will identify it, should be alleged; otherwise an accused party would not know what particular sale he is to answer for, and could not be prepared to meet the accusation against him. The allegations charging the offense should be specific enough to enable the accused to plead a judgment of conviction or acquittal thereunder in bar of another prosecution for the same offense. The information should allege the name of the person to whom the liquor was sold, or if the name of such person is unknown, that fact should be averred. Dixon v. The State, 21 Texas Ct. App., 517; Willson's Crim. Stats., sec. 1998.

The question at issue was ably and elaborately discussed by Judge Willson in Dixon's case, and it was there held that the name of the vendee should be alleged. After a careful investigation of the subject, we see no reason for overruling that case, and the doctrine there laid down is here reaffirmed.

Because the information fails to charge an offense, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Judges all present and concurring.