## EX PARTE ED HAUBELT.

### No. 164. Decided December 1, 1909.

**1.—Contempt—Habeas Corpus—Judgment—Re-Arrest—Statutes Construed.**

Where relator had been fined by a district judge for contempt for violating the order of said judge releasing an accused party bound over before the grand jury for a felony upon which they had failed to find an indictment, relator having been instrumental in having said accused re-arrested before indictment found, it will be presumed that said judge had knowledge of the facts pertaining to the release of said accused when he discharged him on *habeas corpus* proceedings; but, whether said judge passed on the merits of the case against the said accused or not, under article 206, Code Criminal Procedure, he had the right to release the said accused, and the judge's action in fining relator for contempt must be upheld. Following Ex parte Porter, 16 Texas Crim. 'App., 321. Davidson, Presiding Judge, dissenting.

**2.—Same—Mandatory Statute—Jurisdiction.**

Where a district judge released one accused of felony because the grand jury had failed to indict him, he had jurisdiction of the person and of the subject matter, and his order releasing the accused cannot be questioned on the ground of lack of investigation of the case against said accused, where relator had violated said order of release by having said accused re-arrested, and article 206, Code Criminal Procedure, providing for such release, is mandatory.

**3.—Same—Service of Writ—Waiver—Contumacy.**

Where relator, in contempt proceedings, admitted that he knew of the order of the judge releasing accused on *habeas corpus* at the time he filed the affidavit for the re-arrest of said accused, and announced ready for trial, he thereby waived service of the writ of contempt, and cannot plead such want of service in *habeas corpus* proceedings asking release from a judgment fining him for contempt; and it will be presumed that he wilfully violated said order of the court.

From Harris County.

Original proceedings under writ of habeas corpus asking release of relator from a judgment of contempt.

The opinion states the case.

*E. T. Branch,* for relator.—Cited Ex parte Cameron, 100 Ala., 395; In re Fitton, 16 How. Prac., 303 (N. Y.); In re Jefferson, 62 Miss., 223; In re White, 45 Fed. Rep., 237; In re Burke, 4 Fed. Cases, No. 2158; Ex parte Terrell, 95 S. W. Rep., 536; Ex parte Billups, 88 S. W. Rep., 347; Ex parte Blankenship, 57 S. W. Rep., 646; Ex parte Martinez, 81 S. W. Rep., 728; Ex parte Magee, 44 Texas Crim. Rep., 384, 71 S. W. Rep., 599; Baker v. State, 43 Texas Crim. Rep., 281, 65 S. W. Rep., 91.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Relator was fined in the sum of $25 by Hon. W. P. Hamblen, judge of the 55th Judicial District Court for Harris County, on May 3, 1909. He sued out a writ of habeas corpus before this court, and the matter now comes before us on the record agreed to by relator and the assistant attorney-general.

It appears that a while before the grand jury adjourned for Harris County, the examining-trial papers in the case of the State v. Barney Robinson, charged with assault to murder and assault to rob Ed Haubelt were forwarded to the grand jury. The witnesses in the case, as shown by the record from the examining court, lived at Humble, Texas, about eighteen miles distant from the city of Houston, where the grand jury was in session. It appears from the statement of the district attorney that the grand jury did not have sufficient time in which to investigate the case against Barney Robinson, and the district attorney through oversight neglected to call the court's attention to the matter, and have an order entered holding the de-

fendant until the next grand jury. The grand jury at the September term thereafter did investigate the matter and indicted the said Robinson, but in the meantime Barney Robinson had escaped and gone to Arizona. That Judge W. P. Hamblen, of the 55th District Court, on an application for a writ of habeas corpus, but without any hearing on the merits of the accusation against Robinson, discharged him. When the writ of habeas corpus was made returnable the witnesses by whom the offenses charged against Robinson could be shown were not permitted to testify, the judge declining to hear any evidence whatever and discharged the prisoner without having heard any evidence. The above are the statements of the district attorney.

After the grand jury failed to indict Robinson in the first instance, a writ of habeas corpus was properly sued out before the Hon. W. P. Hamblen, and upon hearing thereof the following order was made upon the docket, and the following decree or judgment entered up:

"In this cause Herman Imhoff, F. K. Wise, A. D. Haubelt, having announced that they and each of them were and was ready to answer to the court for contempt of court of July 12, 1909, when the prisoner Barney Robinson was discharged, in causing his arrest and detention for the same act for which he was discharged, each of the parties having confessed that they had knowledge of his having been discharged on habeas corpus on July 12, 1909, and the court fines each of said parties twenty-five dollars and places them in custody of the sheriff until said fine and costs are paid, to which action of the court the parties except.

"Whereas on the 12th day of July, A. D. 1909, the respondent, Barney Robinson, upon habeas corpus hearing was ordered released by me as judge of the 55th Judicial District of Texas, and whereas immediately after the said Barney Robinson was released from custody in pursuance to said order, one Ed Haubelt, made and signed a complaint against the said Barney Robinson charging him with the same arrest for which the said Barney Robinson was being held prior to the time of his release by me as aforesaid.

"And whereas, said complaint was made and filed before and by H. K. Wise, justice of the peace in and for Precinct No. 4 of Harris County, Texas; and whereas, the said Wise issued a warrant of arrest for the said Barney Robinson and placed same in the hands of H. Imhoff, constable of said precinct; and whereas, the said Imhoff proceeded to immediately execute the said warrant and to take him before the said H. K. Wise who committed him to jail upon said charge; and whereas, it appearing to the court that the said Haubelt, Wise and Imhoff acted as aforesaid with full knowledge of the fact that the said Barney Robinson had been released from custody upon said charge; and whereas, heretofore, to wit, on the .... day of ........, A. D. 1909, the said Barney Robinson filed his application for habeas corpus, praying that he be released from custody and that

the aforesaid Haubelt, Wise and Imhoff be cited to show cause, if any they have, why they should not be punished for contempt of court; and whereas, said application was presented to the Hon. Norman G. Kittrell, judge of the 61st Judicial District of Texas, I being then absent from the city, which said application was granted by the said Norman G. Kittrell, judge as aforesaid, and the said Barney Robinson temporarily released from custody with instruction to appear before me, as judge as aforesaid, on the 19th day of July, A. D. 1909, at 10 o'clock a. m., and citing said Haubelt, Wise and Imhoff to appear before me on this the 19th day of July, A. D. 1909, at 10 o'clock a. m., to show cause, if any they had why they should not be held in contempt of court and why injunction should not issue in terms as prayed for and upon the hearing of said application and motion it appearing to me that the said Barney Robinson was illegally arrested and that there is no just cause for his imprisonment and restraint, it is therefore ordered and adjudged that the said Barney Robinson be, and he is hereby forthwith discharged from custody and restraint and that he go hence without day.

"And it further appearing to the court that the said Haubelt, Wise and Imhoff acted in violation of this court's order and are therefore in contempt of this court.

"And it is further considered, ordered and adjudged that the said Ed Haubelt, F. K. Wise and H. Imhoff, be and they are hereby each fined in the sum of twenty-five ($25) dollars, for their acts in the premises as aforesaid, and that the said Haubelt, Wise and Imhoff pay all the cost of this proceeding and that they be committed to jail until said fine and cost are paid and that they be and are hereby permanently enjoined from interfering with or molesting the said Barney Robinson in any manner for the offense with which he has been charged and confined in jail, or for any offense growing out of said transaction."

From the decree and judgment above quoted the writ of habeas corpus was sued out to this court, as stated above. Applicant seeks his release from said judgment on the ground that the trial court gave too restricted an interpretation to article 206 of the Code of Criminal Procedure, which article reads as follows: "Where a person, before indictment found against him, has been discharged or held to bail on habeas corpus by order of a court or judge of competent jurisdiction, he shall not be again imprisoned or detained in custody on an accusation for the same offense until after he shall have been indicted, unless delivered up by his bail in order to release themselves from their liability." The only authority that our attention has been called to construing the above cited article, is the case of Ex parte Porter, 16 Texas Crim. App., 321. In that case the grand jury failed to find a bill against relator for the offense for which he was arrested. He was arrested for the theft of a horse, and the

grand jury found a bill against him for the theft of a saddle.   This
mistake was not discovered until after the discharge of the grand jury.
The district attorney moved the court to hold the applicant over until
the next meeting of the grand jury, which motion the court refused.
Thereupon a second prosecution for the theft of a horse was instituted
before a justice of the peace, who sitting as an examining court, again
committed the applicant, in default of bail, to await the action of
the next grand jury.   Applicant then applied to the district judge
for a writ of habeas corpus, which was awarded, but, upon the hear-
ing, the applicant was remanded to custody in default of bail.   No
trial upon the merits was had upon the habeas corpus, the applicant
admitting the existence of probable cause for believing that he was
guilty; but he demanded his discharge upon the ground that the
second prosecution before the justice of the peace was barred by the
previous one, and that the subject matter was res adjudicata as to
any examining court, and he could no longer be detained to answer
said charge except under an indictment by the grand jury.   We
held in that case, first, that upon the failure of the grand jury to
present an indictment against him for horse theft, at the term suc-
ceeding his commitment, the applicant was entitled to his discharge,
and a dismissal of that prosecution, no good cause to the contrary,
supported by affidavit, being shown to the court; second, the doctrine
of res adjudicata and jeopardy do not apply to proceedings before
examining courts; and the second prosecution and proceedings in the
examining courts were warranted by law.   Judge Willson, speaking
for the court, uses this very pertinent language in reference to the
question now before the court: "It is earnestly insisted by appel-
lant's counsel that if this second commitment is legal, other subse-
quent prosecutions and commitments may be maintained so long as
the grand juries may fail to present an indictment against the ac-
cused, and that in this way the prosecution may be kept alive, and
the accused detained in custody for an indefinite length of time,
without legal remedy.   That such an instance might occur is perhaps
possible, but, we think, by no means probable.   If there exists against
the accused no probable cause for believing him to be guilty of the
offense charged against him, the law places within his reach a
speedy and efficient remedy, which is the writ of habeas corpus, and
when he has been once discharged from custody under this writ, he
can not again be detained in custody upon the same charge until
after he shall have been indicted therefor," citing article 206 above
quoted.   So it follows in this case if the district judge had remanded
the accused to custody to await the action of the September grand
jury, which grand jury, as above stated, did find a bill against him,
he, the relator, could not have complained, but he is not complaining
that the district judge remanded the accused, but he is complain-
ing that after the accused was released by the district judge, that

relator in this case having assisted in having accused rearrested in defiance of the order of the court the relator was fined for contempt. There is no question but what the District Court had jurisdiction of the person and of the subject matter. There is no question but what article 206 of the Code of Criminal Procedure is mandatory; nor does it affect the question, as applicant insists, that article 196 authorizes a court upon an examination under habeas corpus to remand the accused where probable cause is shown for his detention; nor does the fact that the district judge did not hear evidence affect the question. His judgment was not void, but at best merely voidable, but we are not holding that it was either. We are forced to presume that the district judge had knowledge of the facts or felt that he had knowledge of the facts pertaining to Robinson's case at the time he discharged him. We can not presume that he would discharge a man charged with a felony without just and legal reasons for so doing, but if he does, then the State is impotent to rectify the wrong until an indictment is found. The purpose of this statute was to prevent continued and perpetual litigation. Ordinarily, we would naturally presume that if an accused is discharged by a district judge in this State, that there is not sufficient evidence against him to warrant his detention. Nor would the neglect of the district attorney in having such accused held on account of lack of time to investigate his case before the first grand jury, change the rights of the district judge or affect the binding force of his habeas corpus judgment or decree. We could not hold otherwise without destroying the statute itself. It follows, therefore, that when the district judge entered his order, whether he did it with or without evidence, it has a binding force and effect upon all parties concerned.

Relator further insists, however, that there was no service upon relator of the writ. The order of the court and the judgment of the court contravenes this contention, and state that relator admitted that he knew that the said Robinson had been released by habeas corpus at the time he filed the affidavit against him. He comes into court and announces ready for trial, and the mere fact that he did not have a formal summons is thereby waived, since the only purpose of this summons would be to apprise him of the fact that he was to be tried for contempt. When he waives that citation and comes into court and announces ready, admits that he openly defied the order of the court, no legitimate purpose could have been subserved and no interest of his preserved by a bare citation. Of course, if the district judge fined him without a hearing of any character, then we would have a very different question, but the judgment here shows he had a hearing and shows that he wilfully violated the order. In this case we have at least a controverted question of fact as to whether relator's condition was contumacious or not. If it had not been the judge should not have fined relator for contempt. If it

was contumacious, wilful and defiant of the order of the court, then he had a right to so fine him and the fine would be legally accurate and just.   This was a controverted question decided by the court.   If the evidence in this case had shown that the relator unwittingly or without knowledge of the previous order releasing accused Robinson from custody, and if the evidence had been undisputed to this effect, it would not have formed a legitimate basis for a fine for contempt. But here we have, as stated, the question as to whether relator's conduct was in open defiance of the order of the district judge releasing accused Robinson.   The judge has decided the question against this relator and we can not say that his fine is not warranted by the facts detailed above.   While a fine in this instance may work an injustice to the relator, yet the law is thus written and we are here merely to declare it.

Relator is remanded to the custody of the sheriff of Harris County.

*Relator remanded to custody.*

Davidson, Presiding Judge, dissents.

[Rehearing denied December 22, 1909.—Reporter.]