## W. A. Collmorgen v. The State.

No. 3142.   Decided June 3, 1914.

Rehearing denied June 26, 1914.

#### 1.—Alderman Purchasing City Warrant—Information—Description of Warrant.

Where, upon trial of charging defendant with being an alderman and purchasing a warrant from the city marshal, the information under article 373, Penal Code, followed the language of the statute, the same was sufficient, and it was not necessary that the information should have described the particular warrant or set it out in haec verba.   Following Bradfield v. State, 166 S. W. Rep., 734, recently decided.

#### 2.—Same—Evidence—Face Value—Amount of Draft.

The statute fixes the punishment on the amount of the draft, and not at its cash value at the time it was purchased or what was in fact paid for it, and there was no error in the court's action in excluding testimony that the warrant was only worth seventy-five cents of its face value.

#### 3.—Same—Statutes Construed—Official Misconduct—Peculation.

The law intended that no official should so manipulate the public funds as to be able to purchase them below par, and it was, therefore, made an offense for city officials to purchase a draft or warrant of the city.

#### 4.—Same—Ignorance of the Law—Clemency.

It may be that there exists ground for executive clemency on the ground of ignorance of the law, but this furnishes no ground for a reversal of the judgment.

#### 5.—Same—Recognizance—Reinstatement.

Where the appeal should have been dismissed on the ground of a defective recognizance, yet a sufficient recognizance being filed, the case is heard upon its merits.

Appeal from the County Court of Angelina.   Tried below before the Hon. E. B. Robb.

Appeal from a conviction of purchasing a city warrant by an alderman; penalty, a fine of $600.

The opinion states the case.

*Mantooth & Collins,* for appellant.—On question of insufficiency of the indictment:   Hammons v. State, 29 Texas Crim. App., 445; Martin v. State, 31 Texas Crim. Rep., 27.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant being an alderman of the town of Lufkin, is charged with purchasing a warrant from the city marshal, the information reading, omitting formal parts, that "on or about the 27th day of February, A. D. 1913, W. A. Collmorgen was then and there an alderman, in and for the City of Lufkin, in Angelina County, Texas, and while holding said office, and acting as such officer he, the said W. A. Collmorgen, did unlawfully and wilfully contract directly and become interested in a contract for the purchase from B. F. Nerren of a

draft and order on the treasurer of the City of Lufkin, Texas, for which the said City of Lufkin, Texas, was then and there liable, upon the city treasurer of said City of Lufkin, Texas, for the sum of sixty dollars in money and for the payment of which said draft and order the said City of Lufkin, Texas, was then and there liable."

No motion was made to quash the information in the trial court, and no motion made in arrest of judgment, but in this court it is insisted that the information is insufficient to charge an offense under article 373 of the Penal Code. By reference to this article it will be seen the complaint follows the language of the statute. However, appellant insists that the information should have described the particular warrant purchased, or set it out in haec verba. In support of this contention appellant cites us to the cases of Pierce v. State, 14 Texas Crim. App., 365; Ex parte Porter, 16 Texas Crim. App., 321; and Ex parte Haubelt, 57 Texas Crim. Rep., 513. Those cases are not applicable, for in them there was no indictment or information, and the questions here raised were not raised in those cases. Appellant also refers us to the case of Taylor v. State, 50 Texas Crim. Rep., 362. That case merely holds that where a person is charged with rape on a girl under fifteen years of age, it is not necessary to allege the act of intercourse was without her consent.

The next complaint is that the information does not allege the amount of the draft. By reading the information herein copied it will be seen that this complaint is without merit, for it does allege that the draft was for sixty dollars. As a general rule, it is only necessary to allege an offense in the language of the statute. (Smith v. State, 34 Texas, 612; Francis v. State, 21 Texas, 280; Williams v. State, 1 Texas Crim. App., 90; Thompson v. State, 16 Texas Crim. App., 74; Warder v. State, 29 Texas Crim. App., 534; Runnels v. State, 34 Texas Crim. Rep., 431.) In Antle v. State, 6 Texas Crim. App., 202, the rules are stated when it is necessary to allege other matters than the language of the statute, and by reference to that case it will be seen that this case is not within the exceptions. In the case of Bradfield v. State, 166 S. W. Rep., 734, decided April 15 of this year, the questions here involved were fully discussed and the authorities cited, holding that it was not necessary to set out the draft in haec verba in the information, and that allegations contained in this information are sufficient as it fully sets out the offense as defined by the statute. Taylor v. State, 29 Texas Crim. App., 466; Hammons v. State, 29 Texas Crim. App., 445; Martin v. State, 31 Texas Crim. Rep., 27; Earl v. State, 33 Texas Crim. Rep., 570.

The next contention is that appellant ought to have been permitted to show that while the draft was drawn for the sum of sixty dollars, yet owing to the financial condition of the City of Lufkin, it was not worth on the market exceeding .75 per cent of its face value; that the punishment being fixed by law at not less than ten times the *amount* of the draft, we ought to construe the word *amount* to mean the cash

value of the draft.  If this was the proper construction of the language of the statute, then his contention would be sound, but as the statute fixes the punishment on the amount of the draft and not at its cash value at the time it was purchased or what was in fact paid for it, the court did not err in excluding this testimony.

While in this instance the facts would not justify a conclusion that appellant as alderman had an improper motive in purchasing the draft, but would rather demonstrate a lack of knowledge of the law, yet the law intended that no official should so manipulate the public funds as to be able to purchase them below par, and to relieve all officials of an incentive to do so, it was made an offense for the officials named to purchase a draft or warrant, and to secure its enforcement a very heavy penalty is attached.  While ignorance excuses no man, yet as the alderman took the draft in this instance in payment of an amount due him by the marshal, yet it is shown that this system had been carried on for some time.  The marshal trading with the alderman, and the alderman taking the draft in payment of the amount due each month at a discount of twenty per cent.

When this case was called for hearing the State moved to dismiss on account of defective recognizance.  Counsel for appellant asked that it be sustained, and that he be permitted to at once file a new recognizance.  This was done, and upon filing the new recognizance the cause was reinstated and heard on its merits on that day, but after a careful and painstaking inspection of the record, we find no error.  It may be that there exists grounds of executive clemency, for the transactions between the alderman and marshal may have been the result of ignorance of the law as contended by appellant, but this furnishes no ground for a reversal of the judgment by us.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 26, 1914.—Reporter.]