COLLMORGEN v. STATE. (No. 3142.)

(Court of Criminal Appeals of Texas. June 3, 1914. Rehearing Denied June 26, 1914.)

1. CRIMINAL LAW (§ 1032*) — INDICTMENT — OBJECTIONS IN LOWER COURT—REVIEW.

An indictment in the language of Pen. Code 1911, art. 373, punishing municipal officers becoming interested in any contract for the purchase of any order on the municipal treasury, is not insufficient when attacked for the first time on appeal for failing to describe the particular warrant purchased by accused or failing to set it out in hæc verba.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2627, 2628, 2642; Dec. Dig. § 1032.*]

2. MUNICIPAL CORPORATIONS (§ 174*).— OFFICERS—CRIMINAL LIABILITY — STATUTES — INDICTMENT.

An information, alleging that accused, being an alderman of a town, became interested in a contract for the purchase of a draft on the treasurer of the town for which it was liable for $60, sufficiently alleges that the draft was for $60.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 410–414; Dec. Dig. § 174.*]

3. MUNICIPAL CORPORATIONS (§ 174*) — OFFICERS—CRIMINAL LIABILITY — INDICTMENT —"AMOUNT."

The word "amount," in Pen. Code 1911, art. 373, punishing any municipal officer becoming interested in any contract for the purchase of any order on the treasurer of the municipality by fine of not less than 10 nor more than 20 times the amount of the draft, means the face amount of the draft, and not its cash value at the time it was purchased by the officer or what he in fact paid for it.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 410–414; Dec. Dig. § 174.*

For other definitions, see Words and Phrases, vol. 1, pp. 375, 376.]

4. MUNICIPAL CORPORATIONS (§ 174*)—OFFICERS—CRIMINAL LIABILITY—STATUTES.

An alderman of a town purchasing a draft drawn in favor of a third person against the town violates Pen. Code 1911, art. 373, notwithstanding his ignorance of the law or his acting in good faith.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 410–414; Dec. Dig. § 174.*]

Appeal from Angelina County Court; E. B. Robb, Judge.

W. A. Collmorgen was convicted of crime, and he appeals. Affirmed.

M. M. Feagin, I. D. Fairchild, and Mantooth & Collins, all of Lufkin, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant, being an alderman of the town of Lufkin, is charged with purchasing a warrant from the city marshal; the information reading, omitting formal parts, that "on or about the 27th day of February, A. D. 1913, W. A. Collmorgen was then and there an alderman, in and for the city of Lufkin, in Angelina county, Tex., and while holding said office, and acting as such officer, he, the said W. A. Collmorgen, did unlawfully and willfully contract directly and become interested in a contract for the purchase from B. F. Nerren of a draft and order on the treasurer of the city of Lufkin, Tex., for which the said city of Lufkin, Tex., was then and there liable, upon the city treasurer of said city of Lufkin, Tex., for the sum of $60 in money, and for the payment of which said draft and order the said city of Lufkin, Tex., was then and there liable."

[1] No motion was made to quash the information in the trial court, and no motion made in arrest of judgment; but in this court it is insisted that the information is insufficient to charge an offense under article

373 of the Penal Code. By reference to this article it will be seen the complaint follows the language of the statute. However, appellant insists that the information should have described the particular warrant purchased, or set it out in hæc verba. In support of this contention, appellant cites us to the cases of Pierce v. State, 14 Tex. App. 365; Ex parte Porter, 16 Tex. App. 321; and Ex parte Haubelt, 57 Tex. Cr. R. 515, 123 S. W. 607. Those cases are not applicable, for in them there was no indictment or information, and the questions here raised were not raised in those cases. Appellant also refers us to the case of Taylor v. State, 50 Tex. Cr. R. 362, 97 S. W. 94, 123 Am. St. Rep. 844. That case merely holds that, where a person is charged with rape on a girl under fifteen years of age, it is not necessary to allege the act of intercourse was without her consent.

[2] The next complaint is that the information does not allege the amount of the draft. By reading the information herein copied, it will be seen that this complaint is without merit, for it does allege that the draft was for $60. As a general rule, it is only necessary to allege an offense in the language of the statute. Smith v. State, 34 Tex. 612; Francis v. State, 21 Tex. 280; Williams v. State, 1 Tex. App. 90, 28 Am. Rep. 399; Thompson v. State, 16 Tex. App. 74; Warder v. State, 29 Tex. App. 534, 16 S. W. 338; Runnells v. State, 34 Tex. Cr. R. 431, 30 S. W. 1065. In Antle v. State, 6 Tex. App. 202, the rules are stated when it is necessary to allege other matters than the language of the statute, and by reference to that case it will be seen that this case is not within the exceptions. In the case of Bradfield v. State, 166 S. W. 734, decided April 15th of this year, the questions here involved were fully discussed and the authorities cited, holding that it was not necessary to set out the draft in hæc verba in the information, and that allegations contained in this information are sufficient as it fully sets out the offense as defined by the statute. Taylor v. State, 29 Tex. App. 466, 16 S. W. 302; Hammono v. State, 29 Tex. App. 445, 16 S. W. 99; Martin v. State, 31 Tex. Cr. R. 27, 19 S. W. 434; Earle v. State, 33 Tex. Cr. R. 570, 28 S. W. 469.

[3] The next contention is that appellant ought to have been permitted to show that, while the draft was drawn for the sum of $60, yet, owing to the financial condition of the city of Lufkin, it was not worth on the market exceeding 75 per cent. of its face value; that, the punishment being fixed by law at not less than 10 times the amount of the draft, we ought to construe the word "amount" to mean the cash value of the draft. If this was the proper construction of the language of the statute, then his contention would be sound; but as the statute fixes the punishment on the amount of the draft and not at its cash value at the time it was purchased or what was in fact paid for it, the court did not err in excluding this testimony.

[4] While in this instance the facts would not justify a conclusion that appellant as alderman had an improper motive in purchasing the draft, but would rather demonstrate a lack of knowledge of the law, yet the law intended that no official should so manipulate the public funds as to be able to purchase them below par, and to relieve all officials of an incentive to do so, it was made an offense for the officials named to purchase a draft or warrant, and to secure its enforcement a very heavy penalty is attached. While ignorance excuses no man, yet, as the alderman took the draft in this instance in payment of an amount due him by the marshal, it is shown that this system had been carried on for some time; the marshal trading with the alderman, and the alderman taking the draft in payment of the amount due each month at a discount of 20 per cent.

When this case was called for hearing, the state moved to dismiss on account of defective recognizance. Counsel for appellant asked that it be sustained, and that he be permitted to at once file a new recognizance. This was done, and upon filing the new recognizance the cause was reinstated and heard on its merits on that day; but, after a careful and painstaking inspection of the record, we find no error. It may be that there exists grounds of executive clemency, for the transactions between the alderman and marshal may have been the result of ignorance of the law as contended by appellant; but this furnishes no ground for a reversal of the judgment by us.

The judgment is affirmed.