LEE TAYLOR v. THE STATE.

No. 3472.  Decided October 24, 1906.

1.—Assault with Intent to Commit Rape—Indictment—Male Person.

In a prosecution for rape where the indictment charged time and venue and that the defendant made an unlawful assault in and upon the person injured, a female, under the age of 15 years, and that she is not the wife of defendant and that he did then and there ravish and have carnal knowledge of said female, etc.; a motion to quash because the indictment did not allege want of consent, and that the injured party was a female, and defendant a male and did not allege force, was untenable. It was not necessary to allege that defendant is a male person.

2.—Same—Charge of the Court—Assault with Intent to Commit Rape.

Upon trial of assault with intent to commit rape where the evidence showed some circumstances of a lack of penetration, the court properly charged on assault with intent to commit rape. Neither was there error in the court's charge upon bodily pain, constraint, or sense of shame or other disagreeable emotion of the mind, in defining an assault; there being a conflict of testimony as to the question of consent.

3.—Same—Want of Consent—Age of Prosecutrix.

Where upon trial of assault with intent to rape the evidence showed the prosecutrix to be under the age of 15 years, the court correctly charged that the offense

was complete whether it was committed with or without the consent of prosecutrix.

#### 4.—Same—Charge of Court—Aggravated Assault.

Where upon trial for assault with intent to rape, the evidence raised the issue of aggravated assault and battery, the court erred in failing to charge on the same.

Appeal from the District Court of Collin. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of assault with intent to rape; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*G. R. Smith* and *M. H. Garnett,* for appellant.—On question of insufficiency of indictment: Nicholas v. State, 23 Texas Crim. App., 317; Buchanan v. State, 41 Texas Crim. Rep., 128. On question of charge of court: Carter v. State, 44 Texas Crim. Rep., 312; Hudson v. State, 14 Texas Ct. Rep., 259.

*J. E. Yantis,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of assault with intent to rape, and his punishment fixed at seven years confinement in the penitentiary. The charging part of the indictment is, as follows: That Lee Taylor, "with force and arms, in the county of Collin and State of Texas, did then and there unlawfully make an assault in and upon the person of Pearl Wright, a female, then and there being under the age of 15 years; and she, the said Pearl Wright, not then and there being the wife of the said Lee Taylor, and the said Lee Taylor did then and there ravish and have carnal knowledge of the said Pearl Wright, against the peace and dignity of the State." Appellant filed a motion to quash and in arrest of judgment, upon the following grounds: (1). The indictment does not charge whether the alleged rape was committed with the consent of Pearl Wright, or without her consent. (2). There is no charge in the indictment that the defendant is a male person, nor is it charged that the alleged injured party is a female person. (3). It does not allege force. None of these objections are tenable. It is not necessary to allege that the defendant is a male person. Davis v. State, 42 Texas, 226. The indictment ·is an exact copy of the form laid down by Judge White in section 1101, of his Ann. Penal Code, which has been approved by this court. The motion was therefore properly overruled. Buchanan v. State, 41 Texas Crim. Rep., 127.

Exception was reserved to the following portion of the court's charge: "The use of any unlawful violence upon the person of another with intent to injure him or her, whatever be the means or degree of violence used is an assault and battery. Any attempt to commit a battery or any threatening gesture showing in itself or by words accompanying it an immediate intention, coupled with an ability to commit a battery

is an assault. The injury intended may be either bodily pain, constraint, or sense of shame, or other disagreeable emotion of the mind." The complaint is as to the latter clause, to wit: "The injury intended may be either bodily pain, constraint, or sense of shame, or other disagreeable emotion of the mind," because erroneous and misleading, and is not a correct principle of law; that the evidence shows prosecutrix consented to the assault, and in order to consummate an offense there must be something more than bodily pain, constraint or sense of shame or other disagreeable emotion of the mind. This charge was correct. The evidence on behalf of the State shows that prosecutrix was 11 years of age, and appellant was 21. She testified that defendant got on top of her, and committed a rape upon her. The evidence indicates that this was probably done with her consent, although she denies it. There are some circumstances, however, showing a lack of penetration. Consequently it was proper for the court to charge an assault with intent to commit rape, and of this appellant cannot justly make complaint.

Appellant also complains of the portion of the court's charge instructing the jury that the offense would be complete whether it was committed with or without the consent of the prosecutrix. This is the law.

We think the evidence raises the issue of aggravated assault and battery, and the court erred in failing to charge on the same. For the failure of the court to charge on aggravated assault, the judgment is reversed and the cause remanded.

*Reversed and remanded.*