## J. G. YOUNG v. THE STATE.

### No. 6054.  Decided February 16, 1921.

#### Rehearing granted April 27, 1921.

**1.—Rape—Indictment—Assault—Surplusage.**

Where the language objected to in the indictment relating to an assault upon a female under age. in a charge of rape, could be eliminated as surplusage without affecting the pleading, there was no error in overruling a motion to quash the indictment. Following Fields v. State, 39 Texas Crim. Rep., 488.

**2.—Same—Age of Prosecutrix—Indictment—Burden of Proof.**

The allegation that prosecutrix was under fifteen years of age, was favorable to the defendant, the age of consent at the time as fixed by the statute being eighteen years, and a greater burden was thus placed on the State than was required by law.

**3.—Same—Age of Prosecutrix—Indictment.**

This court is unable to see anything substantial in the contention that the indictment was defective for the reason that an acquittal upon proof that prosecutrix was more than fifteen years of age would not bar a subsequent prosecution by indictment charging her to be under the age of eighteen.

**4.—Same—Continuance—Diligence—Material Testimony.**

Where, upon trial of statutory rape, defendant in his application for continuance showed diligence in procuring process for the absent witnesses and alleged material statements of the absent witnesses as to the age of prosecutrix, the continuance should have been granted or a new trial awarded. Following Eppison v. State, 82 Texas Crim. Rep.. 367, and other cases.

5.—Same—Charge of Court—Age of Prosecutrix.

Where, upon trial of rape upon a female under the age of consent, the court correctly charged as to the age of prosecutrix according to the allegations in the indictment, there was no reversible error on that ground.

6.—Same—Evidence—Bill of Exceptions.

Where the objection was to the whole of the testimony, part of which was admissible, there was no reversible error.

7.—Same—Evidence—Identification—Cross-Examination.

Upon trial of rape upon a female under the age of consent, defendant objected to the statement of the brother of prosecutrix, on cross-examination, because the witness could not identify the defendant, etc., but the record showed that the testimony was admissible under the facts in the instant case, there was no reversible error on that ground.

8.—Same—Jury and Jury Law—Voir Dire Examination—Rule Stated.

Prejudice against a crime is not ground for challenge for cause and is vastly different from the prejudice against the man who is charged with such crime, and there was no error in sustaining exceptions to appellant's questions to jurors on their *voir dire* examination if they had any prejudice against the crime of rape. Following Collins v. State, 77 Texas Crim. Rep., 156.

9.—Same—Sufficiency of the Evidence.

Upon trial of rape upon a female under the age of consent, where the evidence sustained the conviction, there was no reversible error on the ground of insufficiency of the evidence.

Appeal from the District Court of Taylor. Tried below before the Honorable W. R. Ely.

Appeal from a conviction of rape upon a female under the age of consent; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Collins, Dupree & Crenshaw,* and *Stinson, Chambers & Brooks,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Taylor County of rape of a female under the age of consent, and his punishment fixed at five years in the penitentiary.

The indictment is sufficient. The charging part of same is as follows: "J. G. Young did then and there unlawfully in and upon Mary McMullen, a female, then and there under the age of fifteen years, did make an assault and the said J. G. Young did then and there ravish and have carnal knowledge of the said Mary McMullen, she the said Mary McMullen not being then and there the wife of the said J. G. Young." That portion of said indictment relating to an assault may be eliminated as surplusage without affecting the pleading. Fields v. State, 39 Texas Crim. Rep., 488; Buchanan v. State, 41 Texas Crim.

Rep., 128; Taylor v. State, 50 Texas Crim. Rep., 362, 97 S. W. Rep., 94. The allegation that prosecutrix was under fifteen years of age, was favorable to appellant, the age of consent at the time as fixed by statute being eighteen years. A greater burden was thus placed on the State by the pleader herein than was required by law.

We have been unable to see anything substantial in the contention that the indictment was defective for the reason that an acquittal upon proof that prosecutrix was more than fifteen years of age would not bar a subsequent prosecution by indictment charging her to be under the age of eighteen.

Application was made for a continuance by the defense based on the absence of certain witnesses, among them A. W. Walters and George Taylor. In the qualification of the trial judge to the bill of exceptions taken to the refusal of said application it is stated that both Walters and Taylor were under indictment and had not been arrested. A continuance because of the absence of a witness who is a fugitive from justice should be refused. Branch's Ann. P. C., Sec. 328. Another witness named in said application was C. A. Graham. His testimony, as same is stated in said application, would be material to no issue. Appellant did not testify as a witness, and, therefore, his reputation for truth and veracity did not become an issue, and it was established by other testimony without controversy that appellant had never been convicted of a felony.

Appellant placed on the stand a number of character witnesses. each of whom testified without objection to his good reputation. Other witnesses were also mentioned in said application, to-wit: one Davis, Simpson, Wileman and Robinson. It nowhere appears that any process was issued for Mr. Wileman. Davis, Simpson and Robinson were not served with any process, and it is not stated in said application what the address or residence of any of said witnesses was, nor does the same appear from the subpœnas attached to said application; nor is it stated that the residence of said witnesses was unknown. This would make the application fatally defective. Anderson v. State, 8 Texas Crim. App., 542; Thomas v. State, 17 Texas Crim. App., 437; Davis v. State, 69 Texas Crim. Rep., 86, 154 S. W. Rep., 226. We might also observe that the age of prosecutrix was testified to positively by three or four members of her family as being under fifteen, and notwithstanding the fact that it was also shown that she had lived in Abilene, where the trial took place, for four years prior to such trial, not a single witness was placed on the stand by appellant to testify that she was over the age of fifteen, and it is well settled that in passing upon a motion for new trial based in part on the refusal of a continuance, the trial court may take into consideration the likelihood that the absent witnesses named in the application for such continuance would not have testified as stated, or that their testimony if so given would not likely be true. If no testimony could be secured by appellant from school records or the associates and acquaintances of this

girl during her four years of life in the town of the trial, we deem it well within the bounds of his discretion for the trial judge to have concluded that three men, who could not be found by the officers looking for them with process, would not testify that she was over fifteen years of age, or if they had given such testimony it would not be true.

Exception was taken to the charge of the trial court in telling the jury that "Insofar as the charge in this case is concerned, rape is the carnal knowledge of a female under the age of fifteen years, other than the wife of the person having such carnal knowledge." Our statute, Article 735, Vernon's C. C. P., makes it the duty of the court to give in his charge the law applicable to the case, and if the case as pleaded in the indictment meets the requirements of the law, then a charge conforming thereto would also be good. There seems no question that under our law carnal knowledge of a female such as is described in this indictment, would be rape. We hold, therefore, that if the pleader elect to charge an age limit within that fixed by statute, it would not be error for the court to tell the jury as the law applicable, that rape would be constituted or committed by the acts so charged. Murder may be committed in many ways, but if charged to have been committed with a knife, we see no well founded objection to a charge which stated that as applicable to the given case murder would be the unlawful killing of another with a knife. It is often held objectionable to include in the charge elements not embraced in the case as made by the pleading, and if the trial court had charged in the instant case that rape would be carnal knowledge of a female under eighteen years of age, etc., appellant would have had a well founded exception thereto.

Appellant's bill of exceptions No. 4 is rather lengthy, and the objection set up therein was of a general nature, embracing all of the testimony of the father of prosecutrix as to what occurred when appellant came out to witness' house in his car on the Sunday following the alleged rape. The objection was that the evidence as a whole was irrelevant, incompetent and prejudicial; that it occurred several days after the alleged offense, and that prosecutrix was not connected with said transaction. That prosecutrix was not personally present or connected with that transaction, or that it occurred after the alleged commission of the offense, would be no ground of objection to what occurred then, if it shed light on the rape. The other grounds stated have been held too general. However, since the objection is to the whole of such occurrence as detailed, it would seem clear that if any part thereof would make more apparent the truth of the matters charged against appellant, it would be admissible. Prosecutrix had testified that the intimacy between herself and appellant was confined almost exclusively to rides with him in his car, and that he had taken her out several times, and had her out in his car on the occasion of the alleged intercourse. That he came to her home with his car a few

days thereafter would be an admissible fact. We would be, therefore, constrained to hold the objection being to the testimony in its entirety, same would be unavailing. We find nothing in said testimony which could injuriously affect the case.

Appellant's bill of exceptions No. 6 contains the statements of the brother of prosecutrix in answer to two questions of the State. While we think the matter of the answers has not very material bearing upon any issue, still it tends to show that the same man came to the front of the house where prosecutrix lived with her family, and that on that occasion her father talked rough to him. The witness could not identify appellant as the man, but said it was the same man who had been there several times before and taken prosecutrix in his car. For the same reason as stated above, the general objection made to both these answers of this witness would be of no avail if the answer to either was admissible. We think the fact that the man who had taken prosecutrix out several times in his car came there at the time mentioned by the witness would be material, and if necessary to identify the occasion it might be shown by this witness that at said time his father talked rough to the party. The details of no conversation were given.

As qualified by the trial court appellant's bill of exceptions No. 7 shows that appellant asked the jurors on their *voir dire* examination if they had any prejudice against the crime of rape, to which question the district attorney objected, saying that he would not have a man on the jury who was not prejudiced against the crime of rape. The trial court instructed the jury to disregard such statement. It has been held that prejudice against a crime is not ground of challenge for cause. Collins v. State, 77 Texas Crim. Rep., 156, 178 S. W. Rep., 345. Prejudice against a given crime is a vastly different thing from prejudice against a man who is charged with such crime. It is but natural for any law-abiding citizen to have a prejudice against crime, especially one as distinctly *mala in se,* as murder, rape, etc.; and we are not able to perceive how injury could have resulted to appellant from the statement of the prosecuting attorney as same appears in the court's qualification; especially is this our view, bearing in mind the prompt instruction of the trial court to the jury not to consider such remarks. That it did not inflame the minds of the jury is apparent from the fact that they gave appellant the lowest punishment allowed by law.

Appellant did not testify, and no affirmative evidence was introduced in his behalf, and we have before us no denial of the story told by the prosecutrix. She testified unqualifiedly to the acts of intercourse with appellant. Only by cross-examination, and admissions on her part of statements made by her to other men with whom she admitted criminal intimacy, was any attack made upon the fact of prosecutrix being under fifteen years of age. The trial court charged the jury that if she was over fifteen, or if the jury had any doubt on that

subject, they should acquit. Her admissions of the relations she had with other men was a sad story of youthful depravity, but the trial jury expressed their belief in the truth of her testimony as to appellant's conduct. The wisdom of the law-makers has made it criminal for a man to carnally know a child of the apparent age of this one, no matter how low she may have fallen, or how willingly she may have consented.

Finding no error in the record for which the cause should be reversed, an affirmance is ordered.

*Affirmed.*

ON REHEARING.

April 27, 1921.

HAWKINS, Judge.—Appellant has filed a motion for rehearing in which he insists we were wrong in holding the action of the trial court in overruling his first application for continuance not to have been erroneous. This has caused us to look more closely into the matter. There is no question as to the diligence used in attempting to procure the absent witnesses. The indictment was returned on July 28, 1920; appellant was arrested July 29th. On the same day application for process was made for some of the absent witnesses, and process issued for all of them by July 30th, except Wileman. The case was tried on August 4th. The application for continuance is defective as to George Taylor and Robert Robinson in failing to state what it is expected to prove by them, and as to J. E. Wileman, in that it fails to show process was ever issued for him. It is good as to Walters, Davis and Simpson, and shows that they knew the age of prosecutrix, and would swear she was more than fifteen years of age at the time of the alleged offense. We do not think we were in error in the original opinion as to Walters being a fugitive from justice. In addition to the explanation of the trial judge, the record discloses that he had been arrested and escaped. But we were in error in our statement that the application failed to show the address of Davis and Simpson. A copy of the subpoena for Simpson shows that he resided at Sipe Springs in Comanche County, and that Davis resides at Merkle in Taylor County, but was at the time of trial in Jones County, which latter fact had just been discovered. Prosecutrix having testified that, among the many others upon whom she had bestowed carnal favors, were also Davis and Simpson, and that she told them at the time she was over fifteen years of age, we were at first of the opinion the court had not abused his discretion in refusing continuance and overruling a motion for new trial, if he concluded the absent witnesses would, if present, not have testified as represented, or if so, it would not be probably true. In Tull v. State, 55 S. W. Rep., 62, which was a case of statutory rape, it was de-

clared a witness who had seen the entry of the date of prosecutrix's birth in the family Bible, and heard her and members of the family make statements as to her age contrary to the present contention, could testify thereto. If, in the instant case, the circumstances were such that the absent witnesses had no knowledge of the age of prosecutrix, except from her statements, they could testify thereto. It would be for the jury to give such weight to it as might seem proper. Because prosecutrix claims they had also had carnal intercourse with her would be no reason why the jury should not hear the witnesses speak upon the question of her age; and they might not agree with her upon the issue of intercourse. As said in the original opinion, the facts disclose an unfortunate condition of perverted morals, hard to realize. Prosecutrix was not particular in selecting those upon whom her favors were bestowed. If she is to be believed, among them was her own brother; and also, a negro with whom she spent several hours at a barn in the nighttime. Her conduct is so unnatural, and reprehensible we feel that the appellant should not be deprived of any legitimate testimony, however slight, that may tend to contradict prosecutrix; or to show that her testimony as to her age is not true, that being the vital point in the case. Eppison v. State, 82 Texas Crim. Rep., 367; see also, Branch's Anno. P. C., Section 324, subdivisions 4 and 5, and cases cited; Rushing v. State, 62 Texas Crim Rep., 310.

Having concluded that appellant's application for continuance should have been granted, and that we were in error in holding otherwise in our original opinion, the motion for rehearing is granted, and the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*