### G. GAULDEN v. THE STATE.

No. 10515.   Delivered January 12, 1927.

1.—**Failure to Stop, Etc. — Bill of Exception — Incomplete — No Error Presented.**

A bill of exception embracing the appellant's entire motion for a new trial, adds nothing to the strength thereof, nor will a bill of exception which sets out in seven different paragraphs, different matters not pertaining to each other be considered on appeal. Following Stubbs v. State, 71 Tex. Crim. Rep. 390, and Nugent v. State, 273 S. W. 598.

2.—**Same—New Trial—Properly Refused.**

Where appellant's motion for a new trial was based on the absence of a witness, who was present in the truck with appellant at the time of the accident, and who testified on the examining trial, and for whose attendance upon the trial not the slightest diligence was shown, the court properly overruled said motion.

Appeal from the District Court of Galveston County.   Tried below before the Hon. J. G. Canty, Judge.

Appeal from a conviction for failing to stop and render aid to a person struck by an automobile, penalty one year and one day in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Galveston County of the offense of failing to stop and render assistance to a person struck by an automobile, and his punishment assessed at confinement in the penitentiary for 1 year and 1 day.

There is in the record but one bill of exception and this appears to be a copy of the appellant's motion for new trial, in which he brings forward seven different grounds and reasons why a new trial should have been granted him, including a statement of what he could prove by one Cherry Dupree, to which there is attached the affidavit of the said Dupree stating that he was in the "truck" with the appellant at the time of the alleged offense and setting out what he swore to on the examining trial and would have sworn to if placed upon the witness stand in the instant case. This court, in the case of Stubbs v. State, 71 Tex. Crim. Rep. 390, 160 S. W. 87, held that a bill of exception embracing a motion for new trial added nothing to the strength thereof. This bill, as presented, is also defective in setting out, in seven different paragraphs, different matters not pertaining to each other, and in failing to set out, within itself, the error or errors complained of with that degree of certainty which is required under the decisions of this court. Nugent v. State, 273 S. W. 598.

It might also be said in passing that it appears from said bill and the record that the appellant's greatest complaint is to the action of the court in refusing to grant a new trial for the want of the testimony of the said Dupree. The affidavit attached to the motion states that Dupree was present at the time of the accident and was in the "truck" with the appellant, and that he testified in the examining trial of this case; therefore, it certainly could not be contended that the court committed error in refusing to grant a new trial for the want of the desired evidence, because same was not newly discovered evidence and there is no proper excuse showing why the witness was not placed upon the stand by the appellant in the trial of this case. We fail to see any error in the court's ruling in this particular. For collation of authorities, see Art. 753, sub-section 6 (28), Vernon's C. C. P.

After a careful examination of the entire record, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.          *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.