IRVING DAWSON V. THE STATE.

No. 10830.   Delivered April 13, 1927.

Rehearing denied May 25, 1927.

**1.—Burglary—Bill of Exceptions—Incomplete—No Error Presented.**

Where a bill of exception fails to point out specifically the objection complained of, in such a manner that the bill, of itself will apprise this court of the alleged error, such bill is not in keeping with the statutes of this state, and the decision of this court, and cannot be appraised. See Nugent v. State, 273 S. W. 598.

ON REHEARING.

**2.—Same—Venue—Presumed Proven.**

Art. 847, C. C. P. of 1925, requires this court to presume that the venue was proven in the court below, unless same was made an issue upon the trial, and it affirmatively appears to the contrary by bill of exception approved by the trial court, or proven up by bystanders' bill.

**3.—Same—Bill of Exception—Multifarious—Presents No Error.**

Where one bill of exception attempts to bring before this court, practically everything that took place upon the trial below, such bill is multifarious, and insufficient.

Appeal from the Criminal District Court No. 2 of Dallas County.   Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction for burglary, penalty eight years in the penitentiary.

The opinion states the case.

*Terrell & Miller* of Dallas, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of burglary and his punishment assessed at eight years in the penitentiary.

The record discloses that appellant was charged and convicted of burglarizing the house belonging to G. W. Parker in the city of Dallas.   It was the contention of the appellant, and he so testified, that he did not commit the alleged offense and knew nothing about it.

The record contains but one bill of exception, which embraces appellant's motion to quash the indictment, the testimony introduced in the case, the motion for new trial, the substance of the order overruling said motion, the sentence of the appellant, and

the notice of appeal.    This bill is not in keeping with the statutes of this state and the decisions of this court requiring a bill of exception to point out specifically the objection complained of in such a manner that the bill, of itself, will apprise this court of the alleged error.    Nugent v. State, 273 S. W. 598.

Finding no error in the record, and the evidence being sufficient to warrant the conviction, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes the contention in his motion that the venue was not proven.    No issue was made on this matter in the trial of the case.    Art. 847, C. C. P. 1925, requires this court to presume that the venue was proven in the court below unless same was made an issue upon the trial, and it affirmatively appears to the contrary by bill of exceptions approved by the trial court, or proven up by bystanders.

The bill of exceptions attempting to bring before this court complaint of practically everything that took place upon the trial is multifarious and insufficient.

The motion for rehearing is overruled.

*Overruled.*