### PAUL MORALES V. THE STATE.

#### No. 10956.   Delivered June 8th, 1927.

1.—Murder—Insanity of Appellant—Properly Submitted to Jury—Before Trial.

Where appellant, before his trial, filed an affidavit to the effect that he was not mentally capable of conducting a rational defense, the court properly empaneled a jury, and after hearing evidence, submitted special issues as to his insanity and mental competency, both of which issues were answered adversely to appellant's contention.

2.—Same—Indictment—Motion to Quash—Correction of Transcript.

Where on a change of venue appellant moved to quash the indictment because the transcript changing the venue showed that there were only 11 jurors on the grand jury which returned the indictment. The court properly caused the transcript to be corrected to show that there were 12 members of the grand jury, and overruled the motion to quash.

3.—Same—Bill of Exception—Multifarious—Presents No. Error.

Appellant's bill of exception complaining of the action of the court in charging the jury on the issue of insanity contains several different matters, rendering the bill multifarious to such an extent that this court is unable to determine what the appellant relies on as showing error.   See Nugent v. State, 273 S. W. 599.

4.—Same—Challenge for Cause—Of Venireman—Properly Overruled.

Where appellant had been given an extra peremptory challenge by the court, his challenge for cause of the last juror selected, who qualified fully, was properly overruled.

5.—Same—Requested Charges—Properly Refused.

Where the court's main charge fairly and fully submitted every issue raised by the evidence, including the insanity of appellant at the time of the homicide, no error is disclosed in the refusal of special charges requested.

Appeal from the District Court of Randle County, on a change of venue from Armstrong County.   Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction of murder, penalty life imprisonment in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of murder,

and his punishment assessed at life imprisonment in the penitentiary.

The record discloses that the appellant was charged by indictment with murdering J. E. Newberry in Armstrong County by shooting him with a gun on or about November 11, 1926, and that, upon change of venue, he was tried and convicted in Randall County. It appears that deceased was a section foreman at the time of his death and that the appellant was a Mexican who had worked under him for several months prior to the homicide. It was the contention of the State, and evidence was introduced to that effect, that appellant, without warning and without cause or provocation, shot and killed deceased with a pistol while the latter was emptying ashes on an ash pile near his premises.

The appellant failed to testify at the trial, but defended upon the ground of insanity. Through his counsel, appellant obtained and filed an affidavit to the effect that he was not capable of conducting a rational defense, and requested the court to empanel a jury for a hearing on this question. The trial court granted appellant's request, a jury was empaneled, and evidence was introduced relative to the mental condition of the appellant on January 12, 1927. After the evidence was heard, the court submitted to the jury two special issues; first, as to whether or not the appellant was insane at that time, and second, as to whether or not the appellant at that time was mentally competent to conduct a rational defense. Both of these questions were answered adversely to appellant's contentions, and the court entered a judgment accordingly and called the case for trial upon its merits.

The appellant presented two or three motions to quash the indictment before announcing ready on the merits, contending that the transcript from the clerk of the District Court of Armstrong County, changing the venue to the District Court of Randall County, showed that there were only 11 jurors on the grand jury which returned this indictment. The record discloses that the court had the district clerk of Armstrong County correct the transcript and show by the record that 12 grand jurors were empaneled and served during the time when this indictment was found in the District Court of Armstrong County. There is no error shown in the action of the court in overruling the motion to quash the indictment.

There appears to be an unnumbered bill of exception on page 35 of the transcript complaining of the action of the court in charging the jury on the issue of insanity. This bill, if we under-

stand it, is not in keeping with the rule announced by this court in Nugent v. State, 273 S. W. 599, in that it contains the affidavit requesting a hearing on the condition of appellant's mind at the time of and immediately preceding the trial, all of the testimony introduced at the hearing, the charge of the court on the trial of the case, and other matters, thus rendering the bill multifarious to such an extent that this court is unable to determine fully just what portion of the bill the appellant relies upon as showing error.

On pages 127-134 there is another bill of exception in which the appellant complains of the refusal of the court to sustain his challenge for cause to the venireman W. D. James, who was the last juror selected in this case. It appears from the bill that the court had allowed appellant an extra challenge above the number allowed him by statute, and that the juror James, in response to the court's questions, stated that he had no opinion as to the guilt or innocence of appellant that would influence him in any way, and that he could try the case according to the law and the evidence, regardless of the little sketches he had noticed in the newspaper. This bill presents no error.

The appellant also complains of the refusal of the court to give his special charges, and complains of the court's general charge, but after a careful examination of these matters we are of the opinion that no error is shown. The record discloses that the court fairly presented in his charge to the jury all the issues raised by the testimony, including the insanity of appellant at the time of the homicide, all of which issues were decided adversely to appellant by the jury. We are unable to say, after examining the record, that the jury were not authorized to reach the verdict rendered.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.