## C. B. HOWES V. THE STATE.

### No. 11403. Delivered February 29, 1928.

**1.—Forgery—Corpus Delicti—Proof Of—Confession Alone, Insufficient.**

Where appellant, representing himself to be Jas. B. Wilson, deposited in a bank at Ranger a draft for $3,854.30, drawn on the Traders National Bank of Kansas City, for collection, not receiving any money or credit on said draft, and in a written confession after arrest admitted that his name was not Jas. B. Wilson, in the absence of other proof of the corpus delicti, this confession was not sufficient to support the verdict.

**2.—Same—Continued.**

It was not necessary for the state to establish the fact that the draft in question was a false instrument in writing, purporting to be the act of another person. Extra-judicial confessions standing alone, are not sufficient proof of the *corpus delicti*, but it is not required that the supplementary evidence be conclusive, in its character. See Kugadt v. State, 38 Tex. Crim. Rep. 681, and Aven v. State, 253 S. W. 521.

**3.—Same—Continued.**

The failure of the state, therefore, to introduce any extrinsic facts or circumstances, corroborative of the statement in appellant's confession to the effect that his name was not Jas. B. Wilson, brings this case within the inhibition of the rule that extra-judicial confessions, standing alone, are not sufficient proof of the *corpus delicti*.

Appeal from the District Court of Eastland County. Tried below before the Hon. Geo. L. Davenport, Judge.

Appeal from a conviction for forgery, penalty two years in the penitentiary.

The opinion states the case.

*Chastain & Judkins* of Eastland, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is forgery, the punishment confinement in the penitentiary for two years.

Appellant challenges the sufficiency of the evidence.

Omitting the formal parts, appellant's confession, which was introduced in evidence by the state, was as follows:

"My name is C. B. Howes. My home is in Kansas City. I have not been there for about a couple of years. The last work I did was in California. I worked there for about two weeks for a railroad company. I drew the draft that I deposited in the bank at Ranger. It was for $3,854.30, drawn on the Traders National Bank of Kansas City, Missouri. I signed the name of

Jas. B. Wilson to it.   I have not had any account in any Kansas City bank for about five years.   I have never had an account in the name of Jas. B. Wilson anywhere.   My account was in my right name, C. B. Howes.   I do not know anyone by the name of Jas. B. Wilson, and I did not have authority of anyone to sign that name to a draft.   I never heard of anyone by that name; I just used the name off-hand.   I knew the draft would not be honored when I left it at the Ranger bank.   Nobody lost anything by reason of my drawing this draft, not a cent."

In an attempt to corroborate appellant's confession, the state proved facts as follows:   Appellant went to a bank in Ranger with C. E. May, who introduced him to the vice-president as Mr. Wilson.   Appellant stated to said official that he was con- nected with the Interstate Company and was going to put in a branch office in Ranger, and that he wanted to buy a home and move there.   He further stated that he had an account with the Traders National Bank of Kansas City in the sum of $3,854.30, and that he wanted to give the Ranger bank a check for said balance.   In the presence of the vice-president of the bank, appellant drew a draft on the Traders National Bank of Kansas City in the sum of $3,854.30, signing it as Jas. B. Wilson.   This draft was received by the Ranger bank for col- lection and appellant was given a receipt therefor showing that it had been received for said purpose.   Appellant also signed the name of Jas. B. Wilson at the top of a ledger sheet taken from the ledger of the bank.   The draft was not sent to Kansas City.   The Ranger bank wired the Traders National Bank of Kansas City and also talked to one of its officials over the tele- phone.   A reply by telegram was received from said Kansas City bank.   Shortly thereafter appellant was approached by peace officers and the vice-president of the Ranger bank as he was leaving the Gholson Hotel, where he was stopping.   These parties asked appellant, "What is your hurry about leaving town?"   Appellant replied, "Well, I was going over to Fort Worth."   Shortly after appellant was arrested, the vice-presi- dent of the Ranger bank found the stub of a check book in appellant's room.   He testified that the words in the stub book were written by the same person who signed the draft in ques- tion.   Such conclusion was reached by making a comparison of the handwriting.   Some of the clothing found in appellant's room had the initials C. B. H. on them.   There were five dif- ferent sets of initials on the clothing of appellant.   An I-P loose leaf note-book found in appellant's possession had written in it the name of C. B. Hall, Kansas City, Missouri, and Bakers-

field, California. Appellant did not receive any money on the draft and made no attempt to give checks on the Ranger bank. The people with whom appellant came in contact in Ranger knew him as Mr. Wilson. Appellant did not take the witness stand in his own behalf, nor did he offer any testimony in his defense.

Among other things it was necessary for the state to establish the fact that the draft in question was a false instrument in writing purporting to be the act of some person other than appellant. Art. 979, P. C. The *corpus delicti* may be established by circumstantial evidence and in its establishment the extra-judicial confession may be taken in connection with the other facts and circumstances in evidence. Extra-judicial confessions, standing alone, are not sufficient proof of the *corpus delicti*. It is necessary that there be such extrinsic corroborative circumstances as will, taken in connection with the confession, produce a conviction of the guilt of the accused beyond a reasonable doubt. It is not required that the suppletory evidence be conclusive in its character. A jury may be warranted in rendering a verdict of guilty where the circumstances related in a confession correspond in some points with those proven to exist. Kugadt v. State, 38 Tex. Crim. Rep. 681; Aven v. State, 253 S. W. 521.

As we understand the facts hereinbefore recited, appellant's confession alone established the fact that his name was not Jas. B. Wilson. If his name was in fact Jas. B. Wilson, the draft in question was not a false instrument in writing purporting to be the act of another. The failure of the state, therefore, to introduce any extrinsic facts or circumstances corroborative of the statement in appellant's confession to the effect that his name was not Jas. B. Wilson, brings this case within the inhibition of the rule that extra-judicial confessions, standing alone are not sufficient proof of the *corpus delicti*.

Because the evidence is insufficient to support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.