FELIPE SAUCEDA V. THE STATE.

No. 22030. Delivered April 1, 1942.

The opinion states the case.

*J. C. Russell*, of Sinton, and *T. M. Cox* and *Ney Wade*, both of Beeville, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The offense is rape by force; the punishment, fifteen years in the penitentiary.

The prosecutrix, who was 15 years of age at the time of the commission of the alleged offense, testified to facts showing that appellant, by force, ravished her. She made an immediate outcry and report to her father, who, in turn, notified, or caused to be notified, peace officers of the county.

Appellant, testifying as a witness in his own behalf, admitted having engaged in the act of sexual intercourse with the prosecutrix at the time alleged, but asserted that it was with her consent and acquiescence. He denied that the act was accomplished as a result of any force or violence used.

It is insisted that the allegations of the indictment are insufficient to sustain a conviction for rape by force, and that the State was limited in the indictment to a case of rape by consent, or statutory rape. The charging part of the indictment reads as follows:

"That Felipe Sauceda on or about the 22nd day of August A. D. 1941, and anterior to the presentment of this Indictment, in the County of San Patricio and State of Texas, in and upon Dorothy Johnson, a female then and there under the age of eighteen years, did make an assault, and the said Felipe Sauceda did then and there ravish and have carnel knowledge of the said Dorothy Johnson, the said Dorothy Johnson not being then and there the wife of the said Felipe Sauceda; against the peace and dignity of the State."

Such an indictment has been held sufficient to sustain a conviction for rape by force or consent. Dyer v. State, 283 S. W. 820; Rogers v. State, 63 S. W. (2d) 384, 124 Tex. Cr. R. 430; Fletcher v. State, 147 S. W. (2d) 233, 141 Tex. Cr. R. 26; Mallett v. State, 158 S. W. (2d) 792.

Appellant complains of argument of State's counsel. The argument so complained of violated no statutory or mandatory rule. It was not objectionable upon its face. The bill of exception shows that no exception or objection was made or taken to the argument at the time it was made, and that the complaint thereto was first registered in the motion for new trial. Objection to argument that is made for the first time in a motion for new trial comes too late. Davis v. State, 100 Tex. Cr. R. 617, 272 S. W. 480; and authorities cited under note 13 of Art. 667, Vernon's Annotated Code of Criminal Procedure.

By bill of exception, complaint is made of the action of the trial court in refusing to admit in evidence a letter purporting to have been written by the prosecutrix subsequent to the commission of the alleged offense and addressed to the county judge of the county. The bill of exception reflects that the action of the trial court was "because the letter could not be proven up at that time to have been signed by the said Dorothy Johnson, the prosecuting witness, — — — — — — — — — — — — — — — — — — — —." Obviously, therefore, a sufficient predicate to authorize the letter to be received in evidence was not shown.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.