J. B. HUMPHREY V. STATE.

No. 24069. June 2, 1948.
Appellant's Motion for Rehearing Overruled (Without Written Opinion) June 23, 1948.

Hon. Joe B. Brown, Judge Presiding.

*A. A. Garrett,* of Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, and *William B. Henley, Jr.,* and *George P. Blackburn,* Assistant District Attorneys, all of Dallas, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted in the Criminal County Court of Dallas County of the offense of offering to sell tickets to a sports event for which an admission was charged in excess of the price therefor printed on such ticket without having theretofore having procured a license to engage in such activity from the Comptroller of the State of Texas. A jury assessed a fine of $100.00 and a penalty of 45 days in jail upon his conviction therefor.

There are but two bills of exception in the record.

Bill No. 1 is construed by us to be an objection to the sufficiency of the evidence in that there was no corroboration of the testimony of Mr. Sutherland, a peace officer, who testified to appellant's offer to sell him two tickets to a football game between the State University and Southern Methodist University

to be played on November 1, 1947. While the bill does not show any objection to have been made, it does contain the following statement: "There is no corroboration of this testimony. There is no proof that 'a sports event' is a 'football game', as alleged, nor that the sports event actually occurred." We think that the testimony of Mr. Sutherland clearly indicates that he was in no way an accomplice to this offense nor that he in any way performed or contributed to any entrapment of appellant. He merely saw appellant trying to sell two $3.00 tickets to a football game to another person, who failed to purchase same, and that appellant thereupon turned to Sutherland, a plain-clothes man, and offered to sell such tickets to him for $15.00 each. Sutherland took him into custody and found out that appellant had no license to sell such tickets at a price higher than that printed thereon, and that the officer then filed this case.

The statute, passed in 1941, now found as Art. 1137k, Vernon's Ann. Tex. P. C., provides, among other things, as follows:

"Every person who sells, or offers to sell, any ticket or tickets to any sports event, amusement, or entertainment in the State of Texas for which an admission charge is made, in excess of the price for said ticket or tickets as printed thereon, shall be required, before being authorized to do so, to procure a license to engage in such activity on application therefor to the Comptroller of Public Accounts of the State of Texas."

Appellant complains in Bill of Exception No. 1 because there was no testimony identifying a sports event as a football game. The tickets offered for sale show upon their face to entitle one to admission to the S. M. U.-Texas Game in the Cotton Bowl on Saturday, November 1, 1947, at 2 o'clock P. M., at a price of $2.50, plus a tax of 50 cents, or a total of $3.00, being headed "State Fair of Texas". The tickets are described as "football tickets".

Webster's New International Dictionary (2nd Edition) defines "sport" as engaging in sports, to hunt, shoot, play games for a pastime. The word "event" is defined as any one of the contests in a series or program of sports. We think the phrase "sports event" includes a football game.

Complaint is also made because the trial court failed to define in his charge the phrase "offer to sell". No charge relative thereto was offered by appellant in this misdemeanor case. We think the phrase itself is simple and understandable and has the usual

and well-known definition and needs no further definition than that contained in its phraseology.

Bill of Exceptions No. 2 is multifarious in that it contains nine separate and distinct matters complained of therein and presents all of them as alleged errors under one bill. We think the matters therein presented also evidence no error and same is overruled. See 4 Tex. Jr. p. 253, sec. 178, and cases cited; also Shelton v. State, 200 S. W. (2d) 1004; White v. State, 203 S. W. (2d) 222; Sharp v. State, 210 S. W. (2d) 174; Morales v. State, 107 Tex. Cr. R. 185, 296 S. W. 322; Gaulden v. State, 106 Tex. Cr. R. 27, 290 S. W. 174; Green v. State, 108 Tex. Cr. R. 664, 2 S. W. (2d) 274; Dawson v. State, 107 Tex. Cr. R. 42, 293 S. W. 1117.

Complaint is made also because the trial court, in prescribing the punishment in the event of a conviction herein, merely followed the statute which set forth the penalty in the following words: "Shall be fined not less than One Hundred Dollars nor more than Five Hundred Dollars, or be imprisoned in the county jail not to exceed one year or both." We think the word "both" referred to and meant "or both such fine and imprisonment," and that same could not be otherwise construed.

The judgment is affirmed.