## MILDRED BLACKSTONE V. STATE.

No. 24527. December 14, 1949.

*Clyde Vinson*, San Angelo, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Perjury is the offense; the punishment, three years in the penitentiary.

Perjury was assigned upon the testimony of appellant while testifying before the grand jury that she "had not slept with and co-habited with the said Clifton Clary" and that she "had not spent any night or nights with Clifton Clary in any tourist courts or cabins in San Angelo, Texas." Such testimony was alleged to be false because "in truth and in fact the said Mildred Blackstone and the said Clifton Clary did sleep together and co-habited as man and wife prior to January 31, 1948; and . . . the said Mildred Blackstone and the said Clifton Clary did spend one or more nights together in Martin's Drive Inn Courts in San Angelo, Texas, during the month of November 1947."

Whether Clifton Clary had slept with and cohabited with appellant was alleged to be a material inquiry upon the question of motive for the killing of Odilla Clary by Clifton Clary on January 31, 1948, which crime the grand jury then had under investigation.

The sufficiency of the evidence to support the conviction is challenged.

In determining this question it is of utmost importance to keep in mind that the state was under the burden of establishing, by the testimony of at least two credible witnesses or one credible witness corroborated strongly by other evidence (Art. 723, C. C. P.), that appellant and Clary had, in fact, slept together and cohabited as alleged in the indictment.

To meet this burden of proof, the state relied chiefly upon the testimony of the district attorney and peace officers that, about a week after the alleged killing and about a month prior to the giving of her testimony before the grand jury, appellant, in an unsworn written and oral statement made to the officers, stated that she and Clary had slept together and cohabited as alleged.

Unless this testimony is sufficient to establish as a fact the allegation of cohabitation, the state's case fails, because the corroborating testimony relied upon does not do so.

In its final analysis, the state's position is that the cohabitation and living together of appellant and Clifton Clary, as alleged in the indictment, was established as a fact by the unsworn extra judicial statement of the appellant.

An extra judicial confession, standing alone, is insufficient to establish the corpus delicti—that is, that a crime has in fact been committed by someone. Authorities attesting the rule will be found in 11 Texas Digest, Criminal Law, Key No. 535.

Under the rule stated, appellant's statement, standing alone, that she and Clary lived together and cohabited, as alleged in the indictment, did not and could not have the effect of establishing as a fact that she and Clary did live together and cohabit as alleged. The probative value of such statement went no further than to establish that appellant had made the statement attributed to her by the witnesses; it did not constitute proof of the facts stated.

There being no competent evidence showing the falsity of the claimed perjured testimony, the facts fail to sustain the conviction.

In view of this disposition, we pretermit a discussion of the other errors assigned.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.