RALPH EUGENE ELLISON V. STATE.

No. 24988. December 6, 1950.
Motion for Rehearing Denied January 3, 1951.

*William C. McDonald,* San Angelo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of assault with intent to rape and his punishment was assessed by the jury at 25 years' confinement in the penitentiary.

The indictment charged such assault to have been made upon the named party who was alleged to be a female under the age of 18 years, and not the wife of appellant, with the intent to ravish and have carnal knowledge of her.

Appellant's contention that the indictment is insufficient for failure to allege the female to be under 15 years of age is without merit. The cases cited by appellant were cases dealing with convictions under the statute then in effect fixing the age of consent at 15 years.

An indictment under the present statute which charges rape of a female under 18 years of age is sufficient, it being unnecessary to alleged her age with greater certainty. See Cloninger vs. State, 91 Tex. Cr. R. 143, 237 S.W. 288; Sauceda v. State, 143 Tex. Cr. R. 614, 160 S.W. 2d 934.

An indictment alleging the age as under 15, though sufficient, would place a greater burden on the state than required by law, the age of consent now being 18 years. See Young v. State, 89 Tex. Cr. R. 230, 230 S.W. 414.

Appellant attacks the sufficiency of the evidence to corroborate the confession of the accused. He also insists that the case is one of circumstantial evidence, and the trial court should have so charged the jury.

· By his written confession, appellant admits that he assaulted the four-year-old child named in the indictment, and attempted to have sexual relations with her. He said it happened under his house, the child having followed him there where he was working.

The child was held incompetent to testify as a witness, but the court permitted her to be brought into the courtroom to be identified by the mother and by the doctor who examined her. The action of the court in this regard appears to be proper.

The child's mother testified:

"I have a child; Patricia Gail * * * is my child; she is four years old; her birthday is November 13th; she was born in 1945; she is a girl, a female child; she is the only child I have; she was four years old her last birthday, November 13th, 1949.

"I know this defendant slightly; with reference to where I live at 1310 Parker Street the defendant lives cater-corner from us, I guess north, across the street; the defendant also lives on Parker Street.

"Yes, I had occasion to examine my daughter on or about April 22nd, 1950. Well, I know that my daughter had been to the Ellison home or residence in the morning of the 22nd, and this was after lunch that I examined her. She had complained to me that she was *gilded* about her privates between her legs, and I made an examination of her at that time and I questioned her about her condition. After I had examined her I found in the way of injury that she was very red and very sore and tender, and it wasn't anything I had treated her for; it was of a different nature than the normal chafing other than clothes might have made. After I had examined her I didn't know what to do; at first I tried to pass it off, that I would treat her with some medicine the doctor gave me before, * * * I later got in touch with my husband; he did not call the police; I don't know who called the police, I just don't know who notified them.

"We took Patricia Gail to a doctor; we took her to Dr. Everhart and he saw her about 5:00 o'clock that afternoon. Yes, this defendant was present at his home on that day; I had seen him there that morning and Patricia Gail had been over there that morning."

Her father testified:

"On April 22nd, 1950, I did have occasion to be called home to investigate something that had arisen there at the house; yes, I was out in the early part of the afternoon. At that time I did question Patricia Gail; and after that, well, I sat there in a sort of a quandary, what to do; I know what I wanted to do. I took her first to the hospital to have her examined. After a while two policemen appeared at the hospital, came down to the hospital; no, I didn't call them; I believe the doctor called them.

"Yes, I know the defendant, Ralph Eugene Ellison. I believe it was October 20th or 21st that we moved out there adjoining

the defendant or across the street from him; and he was living there at that time, across the street."

Dr. Merrill Everhart testified regarding his examination of the child in part as follows:

"She had been a patient of mine prior to that time for the past three years. I examined her in the Emergency Room at Shannon Hospital; my examination was confined to the genital region, in other words, between the legs and privates of the child. Yes, I did find the child had received some injury; there was evidence of injury there between the legs; that evidence consisted of two small breaks in the skin, small lacerations there in that area outside the vagina, and the area was quite reddened and some evidences of secretion present at that time. Just right inside the vagina there was some break or tear or laceration; there was not any tear of the hymen, however, the entrance into the vagina, but just of the lips, you might say, of the vagina there was a small tear on one side.

"After making my examination I requested the hospital attendant, the nurse there in charge, to call the police; and they came to the hospital then."

The indictment charged the offense to have been committed on April 22, 1950. The injury to the child was discovered by her mother "after lunch" on that day, following the child's visit to the home of appellant that morning. The doctor made his examination the same afternoon, and appellant was taken into custody about 5:45 P.M. and the confession was made about 8 P.M., all on the same day.

The confession may be used to aid proof of the corpus delicti, but such confession alone is insufficient to support conviction. See Howes v. State, 109 Tex. Cr. R. 136, 3 S.W. 2d 445; Wood v. State, 142 Tex. Cr. R. 282, 152 S.W. 2d 335; Watson v. State, 154 Tex. Cr. R. 438, 227 S.W. 2d 559.

We are constrained to hold that the evidence as a whole is sufficient to sustain the conviction.

The court was not required to instruct the jury on the law of circumstantial evidence, the confession of appellant showing his guilt of the offense. See 24 Tex. Jur. 590, Sec. 102.

Appellant complains of the overruling of his objection to

the court's charge wherein he contended that the "law of corroboration as applied to the purported statement of the accused is nowhere charged upon."

In the court's charge we find an instruction requiring that the confession be corroborated by other testimony showing the commission of the offense.

By his Bill of Exception No. 5, it is sought to show that the above exception as well as an exception to the effect that the charge was upon the weight of the evidence was directed to the instruction regarding the necessary corroboration of the confession. It is now asserted that appellant intended to say that the matter was not properly charged upon, not that it was nowhere charged upon. This bill also incorporates a complaint regarding a charge on insanity, and the failure to charge on circumstantial evidence. The bill is multifarious and duplicitous, and cannot be considered. See Humphrey v. State, 152 Tex. Cr. R. 203, 212 S.W. 2d 159.

We find no error shown in the overruling of the exception to the court's charge.

The trial court gave a comprehensive charge on appellant's defense of insanity, to which no objection was made. Appellant, however, now contends that fundamental error was committed because the court failed to include in his charge on insanity that part of the provisions of Art. 34, P.C., which reads:

"No act done in a state of insanity can be punished as an offense. * * *"

The court, in his charge, instructed the jury that only persons with sound memory and discretion can be held punishable for a crime, and further instructed the jury to acquit appellant if they found that he was insane.

While it may have been more appropriate for the charge to have included the language of the statute, we do not regard the omission as serious, especially in the absence of an exception. The effect of the charge given is the same as that of Art. 34, P.C.

Bill of Exception No. 7 relating to the argument of the state's attorney, as prepared by the court following refusal of appellant's proffered bill, shows no error.

The judgment entered upon the verdict of the jury, assessing the punishment at 25 years in the penitentiary, erroneously recites the punishment as not less than 2 years nor more than 25 years. The sentence properly orders appellant's confinement for not less than 2 years nor more than 25 years but recites the indefinite term of the judgment regarding the punishment fixed. The judgment and sentence are ordered reformed so as to recite the punishment assessed by the jury as being 25 years in the penitentiary.

The evidence being deemed sufficient to support the verdict and no reversible error appearing, the judgment as reformed, is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant for the first time now urges that the trial court inadvertently in his charge changed the offense for which appellant was being tried from an assault with intent to commit rape to one for the crime of rape itself. He bases such contention on an isolated phrase found in the court's charge wherein it is said by the court that "rape as charged in the indictment is the carnal knowledge of a female under eighteen years of age," etc. An inspection of the whole charge convinces us of the propriety of such a charge.

The indictment charged an assault to rape. The charge so states. It then defines the meaning of an assault in its entirety; it then defines an aggravated assult; it then proceeds to define the term "rape" which is found in the indictment as well as in the charge; he then couples the assault and rape charge together and tells the jury that appellant is charged with making an assault with intent to commit rape upon this child; he sets out the elements of an assault and couples them with an intent to have carnal knowledge of this child; and unless the jury believed beyond a reasonable doubt that these elements were all present, then they should acquit the appellant. It was necessary that the term "rape" should be defined before the jury could find the thing to be submitted to them, and that was an assault with intent to commit such crime of rape. We see no incongruity in such charge.

The motion for a rehearing will be overruled.