ALVIN MARSH v. STATE

No. 32,854.  February 1, 1961

*Singleton, Trulove, Wilds & Mulloy* (Samuel H. Wilds-of Counsel) Amarillo, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge

The conviction is for incest; the punishment, ten years.

The prosecuting witness testified that she was the step-daughter of the appellant, but she did not testify to any act of sexual intercourse with him.

In order to show the act of intercourse, as alleged, the state relies upon appellant's written confession made to the state's attorney, the testimony of the appellant before the grand jury, and his admissions to the county welfare worker.

Appellant did not testify or offer any evidence.

It is apparent that the confession and admissions of the appellant constitute all the incriminating evidence introduced by the state. Such extrajudicial confession and admissions, standing alone, are not sufficient proof of the corpus delicti. There must be extrinsic corroborative evidence in addition to the confession and admissions in order to snpport the conviction. 18 Tex. Jur. 190, Sec. 105; 4 Branch 2d 377, Sec. 2066; Blackstone v. State, 154 Tex. Cr. R. 62, 225 S.W. 2d 184; Board v. State, 167 Tex. Cr. Rep. 349, 320 S.W. 2d 668.

Because of the insufficiency of the evidence to corroborate the confession and admission of the appellant, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.