**Merriman Madison JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35779.**

Court of Criminal Appeals of Texas.

May 8, 1963.

Rehearing Denied June 19, 1963.

C. O. McMillan, Stephenville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is fondling; the punishment, 5 years.

The father and mother of the injured child testified that because they were both ill they permitted their four-year old daughter to go to Clifton for a few days to stay with the child's maternal grandmother, Mrs. Dessie Dodson, and her daughter, Billie Jean Olson. When the father went to get the girl, he found her in the front room alone with appellant. Upon the child's return to her home in Waco, her mother, who was a graduate nurse, observed that the child's vagina was swollen to twice its normal size and to such an extent that the child had difficulty in urinating. Dr. Avent testified that he examined the child on the night he was called and found the lips of her vagina red and badly swollen and stated that such swelling could have resulted from the insertion of a human finger into her private parts.

Appellant's confession was introduced *without objection,* and it recited that Mrs. Dessie Dodson worked for him at the Cottage Courts which he owned in Clifton and that the injured child came to spend the weekend with her and her daughter Billie Jean; that while the women were in the kitchen fixing supper he pulled the child to him and "ran my finger into her panties and into her private parts," after which he told her not to mention what he had done and gave her some money.

Appellant, testifying in his own behalf, denied the truthfulness of the confession and said that he signed same because he was told that he would be kept in jail until November and because he was sick and tired and had been questioned so long.

He called several reputation witnesses and Mrs. Dessie Dodson, who testified that the child was never left alone with appellant while she was in Clifton.

Billie Jean Olson testified that the child was let alone with appellant during her stay in Clifton and that her mother and appellant had gone together socially in the past. Another of Dessie's daughters testified that her mother had gone with appellant before her father's death. The justice of the peace and the sheriff who participated in the taking of appellant's confession testified that the same was secured prior to appellant being arrested after an hour's conversation with him in which no threats or promises were made.

 The jury resolved the issue of the voluntary nature of the confession against appellant; we find the evidence sufficient to support the conviction and overrule appellant"s contention that there was no evidence other than his confession which tended to show appellant's connection with the criminal act. Hignett v. State, Tex. Cr.App., 341 S.W.2d 166, and the cases there cited support such a conclusion. Board v. State, 167 Tex.Cr.R. 349, 320 S.W.2d 668, upon which appellant relies, may be distinguished in that the accused

in that case did not admit that she inflicted the injuries which the child was shown to have sustained. In the case at bar, we have the opportunity to commit the act, the swollen condition from the act, and appellant's confession that he committed the same.

Appellant contends the court erred in failing to charge the jury concerning an alleged exculpatory statement found in the confession as follows: "I did not leave my finger in Donna long enough to reach any sensation or climax, and I did not reach a climax as a result of fingering her." If he did not achieve sexual satisfaction because of some interruption or physical impairment, such fact would not raise an issue as to whether the act was committed with lascivious intent, and such statement is not exculpatory.

No motion to quash the indictment was filed, and we find no fundamental error therein.

Finding no reversible error, the judgment of the trial court is affirmed.